[No. 16375. Department Two. September 1, 1921.]

N. PAOLELLA, *Respondent*, v. EUGENE BRUNNER *et al.*, *Appellants*.[1]

BILLS AND NOTES (78-1, 93)—PLACE OF PAYMENT—ACTIONS—CONDITIONS PRECEDENT—DEPOSIT OF NOTE. The placing of a promissory note in a bank where it was made payable was not a prerequisite to the maintaining of action on it, where the evidence showed that there was no agreement requiring it to be left at such bank and that the failure to so place it was not the cause of its nonpayment when due.

Appeal from a judgment of the superior court for King county, Jurey, J., entered September 27, 1920, upon findings in favor of the plaintiff, in an action on promissory notes, tried to the court. Affirmed.

[1] Reported in 200 Pac. 481.

*John F. Murphy,* for appellants.

*H. Albert George* and *W. A. Keene (James H. Buchanan,* of counsel), for respondent.

MAIN, J.—This action was brought to recover a judgment on promissory notes and for the foreclosure upon certain corporate stock which had been given as collateral security for the payment of the notes. The case came on for trial before the court and a jury. At the conclusion of the evidence, a motion being made, the court withdrew the case from the jury, made findings of fact, conclusions of law, and entered a judgment as prayed for in the complaint. The defendants appeal.

The facts out of which the action arose may be summarized as follows: On December 1, 1919, the appellant, Eugene Brunner, executed and delivered to one Joe Filiberto thirteen promissory notes, each for the principal sum of $750, except the note numbered thirteen, which was for one thousand dollars. Note one was payable on or before January 1, 1920. The remaining notes matured monthly thereafter. Contemporaneously with the delivery of the notes and as part of the same transaction, and for the purpose of securing the same, Brunner pledged 249 shares of the capital stock of the Jefferson Hotel Company, a corporation, and deposited the stock in the Scandinavian-American Bank of Seattle. At the time of the execution of the notes, an agreement collateral thereto was made covering the matter of the pledge of the stock and the depositing of the same in escrow in the bank. By this agreement the stock was to be placed in the bank, but no mention is made as to the notes. The notes on their face provide that they are payable at the same bank, and were in fact placed there, together with the notes and the collateral agreement. After

the execution and delivery of the notes and agreement, and before maturity of any of them, the respondent purchased the notes from Filiberto, paying therefor the sum of $9,558. After respondent purchased the notes, they were withdrawn from the bank, indorsed and delivered to him and placed in the Guardian Trust & Savings Bank, with the exception of note number one, which was due on January 1, 1920, and which was paid some days after the due date. Note number two which was due on February 1, 1920, was not paid.

The present action was begun on March 1 thereafter, by filing the complaint in the clerk's office. The principal contention of the appellants seems to be that, since the notes provided that they should be paid at a certain place, to wit, the Scandinavian-American Bank, and that note number two was not there on the due date, one prerequisite to the right to maintain the action was lacking. The collateral agreement did not require the notes to be placed in that bank, and the evidence shows without substantial controversy that the failure of note number two to be in the Scandinavian-American Bank was not the cause of its nonpayment when it became due. The appellants knew the bank in which the note was deposited and did not make any tender of payment at the bank where the note specified it was payable. Under these facts, the respondent had a right to maintain the action, even though note number two was not in the Scandinavian-American Bank at the time it became due and payable.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, TOLMAN, and MITCHELL, JJ., concur.